NO. 07-06-0280-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 17, 2008

______________________________


JERRY WAYNE BANNISTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF HENDERSON COUNTY;

NO. 2005-0854CL2; HONORABLE NANCY ADAMS PERRYMAN, JUDGE

_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.


OPINION


          Appellant, Jerry Wayne Bannister, was convicted of possession of a controlled
substance, to-wit: anabolic steroids,


 and sentenced to 365 days confinement in the county
jail and a fine of $1,000, with the period of confinement and $500 of the fine being
suspended in favor of one year of community supervision. The controlled substance in
question was found during a search of Appellant’s residence, conducted pursuant to a
search warrant issued on the basis of an affidavit from Kevin Hanes, an investigator with
the Henderson County Sheriff’s Office. By two issues, Appellant contends the trial court
erred by (1) denying his request for a Franks v. Delaware


 hearing concerning the
truthfulness of allegations contained in Hanes’s affidavit, and (2) overruling his motion to
suppress. We reverse and remand. 
          By his second issue, Appellant maintains the affidavit in support of the search
warrant in question was deficient under the Fourth and Fourteenth Amendments of the
United States Constitution and Article 1, Section 9 of the Texas Constitution, in three
particulars: (1) proximity of time, (2) possession by Appellant, and (3) connection to the
place to be searched. 
          The affidavit, sworn to on May 4, 2005, reads in relevant part as follows:
1. THERE IS IN HENDERSON COUNTY, TEXAS, A SUSPECTED PLACE
AND PREMISES DESCRIBED AND LOCATED AS FOLLOWS: [A
description of the location and description of the property follows.] This
residence is located in Trinidad, Henderson County, Texas. Also including
any vehicles located at said residence.
 
2. THERE IS AT SAID SUSPECTED PLACE AND PREMISES PROPERTY
CONCEALED AND KEPT IN VIOLATION OF THE LAWS OF TEXAS AND
DESCRIBED AS FOLLOWS: Drug paraphernalia kept, prepared, or
manufactured in violation of the laws of this State.
 
3. SAID SUSPECTED PERSONAL PROPERTY IS IN CHARGE OF AND
CONTROLLED BY EACH OF THE FOLLOWING PERSONS: Jerry
Bannister, a white male and/or Jennifer Bannister, a white female.
 
4. Affiant HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF
THE FOLLOWING FACTS:
Affiant is Kevin Hanes, an Investigator with the Henderson County Sheriff’s
Office and a certified peace officer. Affiant reviewed copies of photographs,
which were secured by a search warrant on May 3, 2005, from CVS in
Athens, Texas. Affiant knows Jerry Bannister and has been able to identity
him in several pictures. Those pictures show Bannister with three different
people helping them with what appears to be a device or apparatus,
designed or adapted to be used illegally to inhale marijuana. 
 
Affiant has previous experience and training in drug investigations and in
apprehending individuals who use drugs including marijuana. Affiant
believes from the pictures that the above-described apparatus is in fact a
form of a marijuana pipe, which is drug paraphernalia. Affiant has also seen
marijuana in his experience as a peace officer and that one of the pictures
shows what Affiant believes to be marijuana in the hand of Bannister. Affiant
has assisted in the execution of a number of search warrants, has
interviewed a number of individuals who used marijuana and has arrested
a number of people for the offense of possession of marijuana and
possession of drug paraphernalia. Affiant knows from his experience
individuals that have drug paraphernalia do not destroy the same after the
marijuana is gone.
 
Affiant has attached to this affidavit photocopies of five of the photographs
which Affiant has viewed. These copies are incorporated by reference in this
affidavit. [Five photographs were attached. Four photographs depict three
different individuals wearing what appears to be an oxygen mask with a pipe-like device attached. Those photographs appear to have been taken at
night. The fifth photograph (the relevance of which escapes this Court)
depicts three individuals seated on two chairs. This photograph appears to
have been taken during the daytime.]
 
In Affiant’s experience individuals that have and maintain drug paraphernalia,
take pride in the same and therefore do not want it destroyed. Affiant also
know from his experience that paraphernalia is often stored or transported
in vehicles.
 
Affiant believes the pictures he viewed were from the wedding reception of
Bannister and Jennifer Bannister. Affiant has learned they were married on
April 23, 2005. Affiant is familiar with the home of Bannister. The pictures
Affiant has viewed are pictures taken of the home, carport and outbuildings
of Jerry Bannister. Affiant has been to the above-described residence,
carport and outbuildings and it is the same residence, carport and
outbuildings where Jerry Bannister presently lives.
 
On this date, Affiant went by the above described residence, carport and
outbuildings and saw that the wedding decorations are still present.
 
Affiant believes based upon his training and experience and the foregoing,
that the smoking apparatus or paraphernalia will still be present at the
residence, carport, outbuilding or vehicle(s) belonging to Jerry Bannister or
his wife, Jennifer Bannister. Affiant knows such paraphernalia is against the
law and requests a search warrant to search the above described residence,
carport, and outbuildings for the same.
 
          Probable cause to support the issuance of a search warrant exists where the facts
submitted to the magistrate are sufficient to justify a conclusion that the object of the
search is probably on the premises to be searched at the time the warrant is issued. 
Ramos v. State, 934 S.W.2d 358, 363 (Tex.Crim.App. 1996); Cassias v. State, 719
S.W.2d 585, 587 (Tex.Crim.App. 1986) (emphasis added). When the facts and
circumstances within the knowledge of the affiant, arising from a reasonably trustworthy
source, would warrant a person of reasonable caution to believe that the items of
contraband or evidence of a crime may presently be found in a specified place, there is
probable cause to issue a warrant to search that place. Id. A search warrant affidavit must
be read in a common sense and realistic manner, and reasonable inferences may be
drawn from the facts and circumstances contained within the four corners of the affidavit. 
Id. at 587-88.
          We must decide whether under the totality of the circumstances the information
contained in the affidavit is such as to provide a “substantial basis” to support the
magistrate’s finding that a cautious person would be warranted in the belief that drug
paraphernalia would presently be found on the premises described. Illinois v. Gates, 462
U.S.213, 225-39,103 S.Ct. 2317, 2325-33, 76 L.Ed.2d 527 (1983).
At the Time the Warrant Is Issued
           An affidavit that does not provide a substantial basis for a magistrate to conclude
that the object of the search is presently located at the place to be searched, does not
establish sufficient probable cause for the issuance of a search warrant. Id. The only
information provided by the affidavit at issue concerning the temporal connection between
the object of the search (drug paraphernalia) and the place to be searched (Appellant’s
residence) is the Affiant’s belief that the pictures were from a wedding reception that Affiant
believed occurred some twelve days prior to presentment of the affidavit to the magistrate. 
However, the affidavit offers no support whatsoever for Affiant’s conclusion that the
photographs were from Appellant’s wedding reception. Furthermore, assuming the
photographs were from the wedding reception, the affidavit contains no statement as to
when the wedding reception took place, nor does he postulate why he believes the
paraphernalia would still be located at the place where the photographs were taken. In
order to reach the conclusion the State supports, i.e. that the photographs were taken at
Appellant’s residence on or near the date Appellant was married (April 23rd), the magistrate
would have to place inference upon inference just to conclude the events depicted
occurred some twelve days prior. If you then inferred that the item depicted was
contraband, and you assumed that Appellant stored the contraband on the premises
depicted and that the contraband had not been removed, you might reach the conclusion
that the object of the search was located on the premises to be searched at the time the
warrant was issued. Such inference, upon inference, upon inference is not probable
cause.Possession of Contraband by Appellant
          In the affidavit in question, Affiant makes the statement that “one of the pictures
shows what Affiant believes to be marijuana in the hand of Bannister.” Notwithstanding
the fact that an examination of the photograph belies that position, there is nothing in the
affidavit to support any conclusion that the apparatus depicted was used or intended for
use in ingesting, inhaling, or otherwise introducing marijuana into the human body. See
Tex. Health & Safety Code Ann. § 481.002 (17)(L) (Vernon 2003). The Affiant’s conclusion
that the apparatus depicted is contraband is nothing more than mere suspicion. Without
a connection to the use of a controlled substance, the assumption that the object depicted
is a “smoking apparatus used or intended to be used to ingest marijuana” is non-existent.
At the Place to be Searched
          Based upon “his experience,” the Affiant posits that paraphernalia is “often stored
or transported in vehicles.” The affidavit says nothing about whether paraphernalia is also
stored in residences, carports, or outbuildings; however, he reaches the conclusion that
the smoking device depicted in the photographs “will still be present at the residence,
carport, outbuilding, or vehicle(s) belonging to [Appellant] or his wife.” This conclusion is
based on pure conjecture both as to issue of storage and as to the continued storage in
the same location over an extended period of time. As such, it fails to establish a
reasonable basis upon which to conclude that drug paraphernalia could be found at
Appellant’s residence.
          To conclude that the apparatus depicted was illegal drug paraphernalia and that the
paraphernalia was stored at Appellant’s residence at the time the warrant was issued, one
would need to base inference upon inference upon inference. Such information might
suffice to corroborate an informant’s first hand tip, thus combining to establish probable
cause; however, it does not by itself provide anything more than the Affiant’s mere
suspicion that contraband might be found there. A search warrant issued upon such feeble
premises provides no constitutional protection whatsoever. 
          Because the affidavit in question does not provide sufficient probable cause to
justify the issuance of the warrant in question, Appellant’s second issue is sustained. 
Disposition of Appellant’s second issue pretermits consideration of his first issue.


 
Accordingly, the trial court’s judgment is reversed and this cause is remanded for further
proceedings consistent with this opinion.
 
                                                                           Patrick A. Pirtle

                                                                                 Justice





Quinn, C.J., concurring.



Campbell, J., dissenting.





Do not publish.